**SO ORDERED.**

**SIGNED this 18th day of June, 2012.**



_____
Robert E. Nugent
United States Chief Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

IN RE: )
)
CURTIS F. CLARK, ) Case No. 11-11728
KATHLEEN CLARK, ) Chapter 11
)
       Debtors. )
_____)

### ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM
### OF AMERICAN NATIONAL BANK

American National Bank (ANB) filed a claim in this case for $1,776,703.79 arising out of a prepetition default deficiency judgment it obtained against the debtors Curtis and Kathleen Clark after foreclosing a deed of trust in Pitkin County, Colorado. In Colorado, the holder of a mortgage note forecloses its deed of trust by requesting public sale of the property and bidding on it. Colorado foreclosure debtors may challenge the sale before it occurs by seeking to enjoin it; after the sale, they may challenge its propriety when the creditor seeks to recover the difference between what the property brings at auction and what the creditor is owed. At Colorado law, the price bid is the

1

conclusive measure of the deficiency that the debtor may challenge by raising and proving a defense. Only if the defendant shows that the sale was somehow improper does the issue of the deficiency go to the trier of fact. Here the debtors did not answer the petition filed by ANB in the deficiency case and judgment was entered against them by default. Because that judgment is final and they waived their opportunity to litigate about the propriety of the sale in that proceeding, the doctrine of res judicata prevents them from raising those issues in defense of ANB's claim in their bankruptcy. Thus, debtors cannot meet the presumption of validity accorded ANB's claim and their objection to the claim must be overruled.[1]

*Facts*

The Clarks bought a lot in Aspen in 1999 through Starwood R-79 LLC, an entity they control, and refinanced their purchase money loan with ANB. Several years later, they purchased property in Costa Rica with an additional $2.2 million loaned to them by ANB and secured by a second deed of trust on the Aspen lot. When the Clarks defaulted on the note, ANB posted the Aspen property for sale and sold it on November 25, 2009, Thanksgiving Eve. ANB bid $2.75 million, leaving a principal deficiency of about $1.31 million.[2] There were no other bidders. The Clarks say that they attempted to sell the property at auction the previous summer and received a high bid of $3.0 million, though not enough to clear ANB's note, and ANB did not consent to the short sale. The Clarks refused the bid. The Clarks filed this bankruptcy case in 2011 and ANB filed

---

[1] This contested claim is a core proceeding over which the Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and § 157(b)(2)(B). Debtors appear by their attorney Nicholas R. Grillot. ANB appears by its attorney William B. Sorensen, Jr. Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11, U.S.C., and rule references are to the Fed. R. Bankr. P.

[2] Dkt. 114, p. 8, ¶ 4 and pp. 13-14.

a proof of claim for the deficiency judgment amount plus interest and fees to the date of the bankruptcy petition in the amount of $1,776,703.79.[3]

Now the Clarks argue that the foreclosure sale was conducted in bad faith and that ANB's bid was too low. They object to ANB's deficiency claim on that basis, but, as set out below, that objection must be overruled.[4]

*Analysis*

The Clarks' objection included statements of fact supported by documentary exhibits and an affidavit, argument and authorities, and looked similar to a motion for summary judgment.[5] ANB responded, controverting some of the Clarks' facts, but also providing exhibits and an affidavit, along with argument and authorities of its own.[6] The claim objection was set for non-evidentiary hearing on November 10, 2011. At that hearing, counsel agreed that the Court could decide from the parties' submissions whether the substance of the Clarks' claim objection was barred by res judicata and, if the Clarks' claims were not precluded, the matter could proceed to evidentiary hearing. The parties agreed that the briefs contained sufficient undisputed factual predicate to allow the initial legal determination to be made. I told counsel that I would review the briefs and determine whether further proceedings were necessary. On December 20, 2011, the Clarks filed a reply to ANB's response.[7] So, for the purpose of this Order, I conclude that all of the debtors' factual allegations that bear on the res judicata issue are uncontroverted. If the Clarks are barred by res judicata from

---

[3] Proof of Claim No. 3.

[4] Dkt. 101.

[5] Dkt. 101.

[6] Dkt. 114.

[7] Dkt. 157.

3

presenting what are effectively defenses to ANB's claim, they cannot meet the presumption that ANB's claim is valid and their objection should be overruled.

Section 502(a) and Rule 3001(f) provide that a proof of claim is presumed to be valid. ANB's proof of claim is properly filed and is prima facie evidence of the validity and amount of the claim.[8] If there is an objection and if the objecting party meets the presumption with evidence sufficient to rebut the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.[9] If an objection is filed and heard, the court determines the claim as of the date of the bankruptcy petition.[10] Here, the Clarks needed to present a sufficient quantum of evidence in support of their defenses to meet the presumption of validity. They cannot do this because, as we will see, they are barred by the doctrine of res judicata from relitigating whether ANB's bid at the sale was sufficient.

ANB and the Clarks agree that Colorado law applies here. Bankruptcy courts apply the choice-of-law rules of their forum state.[11] Kansas choice of law rules apply the rule of *lex loci contractus* for contract actions ( i.e. the law of the state where the contract was made).[12] Here, there

---

[8] 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

[9] *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993).

[10] § 502(b).

[11] *See In re Payless Cashways*, 203 F.3d 1081 (8th Cir.2000) (Bankruptcy court applies the choice-of-law rules of the state in which it sits); *In re Gaston & Snow*, 243 F.3d 599 (2nd Cir.2001) (Bankruptcy court hearing state law claims applies choice of law rules of forum state, not federal choice of law rules).

[12] *See Heatron, Inc. v. Shackelford*, 898 F.Supp. 1491, 1499 (D.Kan.1995) (Contention that noncompete agreement lacked consideration would be governed by Kansas law where it was executed in Kansas); *The Bradbury Co., Inc. v. Teissier-duCros*, 387 F.Supp.2d 1167, 1171 (D.Kan.2005) (An agreement made in Kansas would be governed by Kansas substantive law of contracts.); *Novak v. Mutual of Omaha Ins. Co.*, 29 Kan.App.2d 526, 534, 28 P.3d 1033 (2001) (Kansas follows the Restatement (First) of Conflicts of Laws that the law of the place of contract

4

is no dispute that the Clarks executed both the note and mortgage in Colorado. Indeed, the parties agreed to be bound by Colorado law in the mortgage note.[13] Therefore, the law of Colorado governing trustee's sales, deficiency judgments and, most importantly, res judicata, controls this claim objection.

In Colorado, a lender forecloses its deed of trust by filing a "notice of election and demand" (NED) with the public trustee for the county where the real estate is situated.[14] The public trustee reviews the notice and, within twenty days of the notice being filed, mails notice to the owner and all other parties whose rights may be affected by the contemplated sale.[15] Within 60 days of the NED's filing, the trustee gives a second notice to the same parties. The sale date is set for a date that falls between 110 and 125 days after the NED is recorded.[16] But, prior to the actual sale being conducted, the holder of the note must obtain court authority for the sale by requesting a Rule 120 hearing in the district court of the county where the property is located.[17] At a Rule 120 hearing, the lender represents that the borrowers are in payment or other default and, if there is an objection, the lender must show that there is a reasonable probability that there is a default that would justify foreclosure. The holder must also show that it has complied with the requirements of the Service

---

formation governs construction of contract, not the place of performance.); *Wilkinson v. Shoney's, Inc.*, 269 Kan. 194, 209–10, 4 P.3d 1149 (2000) (A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done.).

[13] Note, ¶4. Dkt. 101-1, p. 2

[14] COLO.REV.STAT. ANN. § 38-38-101 (West 2009). Note that many of the statutes in Part 38 have been revised or repealed since the 2009 sale in question here, but we apply those that were in force when the sale occured.

[15] COLO.REV.STAT. ANN. § 38-38-103.

[16] COLO.REV.STAT. ANN.. § 38-38-108.

[17] COLO.REV.STAT. ANN. § 38-38-105. *See also* Colo. R. Civ. P. 120 [Rule 120].

Member Civil Relief Act. On a showing of default, the Court "summarily" grants the motion, but "[n]either the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment."[18] Nor does granting the motion prejudice the right of the owner to seek to enjoin the sale or any other rights of the holder of the note.[19]

The holder of the note may bid at the sale by filing a written bid with the public trustee who then calls an auction sale. If the written bid is not bested by a competing bid, the property is sold to the holder.[20] If the bid is for less than the holder's debt, the holder may seek a deficiency judgment by suing the obligor personally. In a deficiency action, the price received at the sale is the conclusive measure of the deficiency, but the defendant may challenge the outcome of the sale for lack of good faith.[21] The defendant has the burden to prove that defense and if the defendant succeeds in that, the issue of the amount of the deficiency is one for the trier of fact to determine.[22] Plainly put, the amount of the deficiency and, if the issue is raised by the defendant, the sufficiency of the bid are the key issues in a deficiency judgment action.

Nothing suggests that the Clarks challenged ANB's motion to sell or that they participated in the Rule 120 hearing or the trustee's sale. Nor did they seek to enjoin the sale. They did not file an answer or claim any defenses in the deficiency action. The Pitkin County court entered a default judgment establishing the amount of the deficiency on April 14, 2011 and that judgment was filed as a foreign judgment in Kansas, again without any challenge by the Clarks. In short, the Clarks did

---

[18] Rule 120(d).

[19] *Id.*

[20] COLO.REV.STAT. ANN. § 38-38-106 and 110.

[21] *See National Canada Corp v. Dikeou*, 868 P.2d 1131 (Colo. 1993).

[22] *Id.* at 1134-35.

6

nothing in state court to assert the position they have now staked out in their objection to ANB's claim.

Given the opportunity, the Clarks would argue here that ANB's bid was too low and made in bad faith. But their asserting that ANB's bid was insufficient is barred by the doctrine of res judicata or claim preclusion. The final judgment that was entered in the Colorado deficiency action in 2011 involved the same claims and defenses the Clarks rely upon here. ANB's claim and the Clarks' objection to it are identical to the Pitkin County deficiency suit. Unlike the doctrine of collateral estoppel which requires that a barred *issue* have actually been litigated in a second, but different case involving different relief, but the same parties, a *claim* in a second action that is the same or similar to the first action may be precluded by a default judgment in the first action. Courts applying the doctrine consider whether the prior judgment is final; whether there is an identity of subject matter between the former and present actions; whether there is an identity of claims in both actions; and whether the same parties are at issue in both actions.[23] Res judicata bars not only litigated claims, but also any other claims that could have been brought in the first proceeding but were not.[24]

The Pitkin County judgment is final and non-appealable. Its subject matter was the amount of the deficiency owed ANB – the basis of ANB's proof of claim in the Clarks' bankruptcy. The claims that were or could have been before the Colorado court were the amount of the deficiency remaining after sale, and, had the Clarks raised the issue, whether ANB's bid was appropriate. The claims and potential defenses in play here are the same. Finally, the Clarks and ANB were the

---

[23] *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999).

[24] *City & County of Denver v. Block 173 Assocs.*, 814 P.2d 824, 830 (Colo. 1991); *Pomeroy v. Waitkus*, 517 P.2d 517 P.2d 396, 399 (Colo App. 1991).

7

parties in Pitkin County along with Starwood, a Clark-controlled entity; they are the parties here, too. The Clarks do not dispute that they could have raised in Colorado the issues that they've raised here; instead they concede that they consciously decided not to raise them. Any issues they seek to raise concerning the propriety of the bid or the calculation of ANB's claim (other, perhaps, than the accrual of interest up to the date of the petition) are barred here. As they are barred by res judicata from raising a defense to ANB's claim, they cannot meet the presumption of validity that cloaks ANB's proof of claim and their objection to that claim must be overruled.

*Conclusion*

The Clarks' objection to ANB's proof of claim is OVERRULED and the claim is ORDERED allowed as filed.

# # #